# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. MEEHAN, et al., ) | CASE NO. 1:11CV363 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #4) of Defendant, Mortgage Electronic Registration Systems, Inc., to Dismiss. For the following reasons, the motion is granted and the Complaint is dismissed.

## I. BACKGROUND

Michael P. Meehan and Heidi A. Meehan ("Plaintiffs"), filed an Action to Quiet Title in Cuyahoga County Common Pleas Court, which was removed to U.S. District Court on February 18, 2011. Plaintiffs allege they are the owners of property located at 12002 Triskett Road, Cleveland, Ohio, by virtue of a quit-claim deed recorded on July 30, 2003. Plaintiffs further allege that Mortgage Electronic Registration Systems, Inc. ("MERS"), claims an interest in the property by virtue of a mortgage recorded on October 17, 2005. (Attached as Exhibit B to the Complaint, ECF DKT #1-3). Plaintiffs allege MERS has no beneficial interest in the mortgage; and further allege MERS's interest is adverse and constitutes a cloud on the title to their property. Plaintiffs pray that title to the property be quieted in their favor and that the mortgage be declared null and void.

MERS moves for dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. LAW AND ANALYSIS

**Standard of Review**

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *Central States Pension Fund v. Mahoning Nat'l Bank,* 112 F.3d 252, 255 (6th Cir.1997).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court announced:

> While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

While "detailed factual allegations" are not required, the facts garnered must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009). The Supreme Court has clarified that the scope of the plausibility standard applies "to all civil actions." *Boroff v. Alza Corp.,* 685 F.Supp. 2d 704, 707 (N.D. Ohio 2010) (quoting *Iqbal,* 129 S.Ct. at 1953).

The Supreme Court summarized its new "plausibility" standard as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal,* 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. 554).

Moreover, when reviewing a motion to dismiss, brought under Fed.R.Civ.P. 12(b)(6), a district court may not consider matters outside of the complaint.  *Hensley Manufacturing, Inc. v. Propride , Inc*., 579 F.3d 603, 613 (6th Cir.2009).

**Quiet Title**

Ohio substantive law applies to Plaintiffs' claim because this Court is exercising its diversity jurisdiction.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Avery v. Joint Twp. Dist. Mem'l Hosp.*, 286 Fed. Appx. 256, 260 (6th Cir.2008).

An action to quiet title is codified in R.C. § 5303.01, which recites in part:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest.

An action to quiet title is equitable in nature.  *W.C. McBride, Inc. v. Murphy*, 111 Ohio St. 443, 447 (1924).  "Therefore, the court may quiet title only when there is no adequate remedy at law."  *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 47 (2007).

Plaintiffs executed a mortgage, which defined MERS at the opening page of the instrument, as " a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this Security Instrument."  Further, in the section captioned "Transfer of Rights in the Property," at page three:

"Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property ..."

In their Opposition Brief (ECF DKT #5), Plaintiffs admit that quiet title is an equitable proceeding. Plaintiffs do not dispute that Ohio law recognizes the authority of MERS to assign a mortgage when designated as nominee for the lender. Plaintiffs acknowledge the definitions, terms, and conditions of the executed mortgage document they have attached to their Complaint. Any factual allegations, offered as part of Plaintiffs' Opposition Brief (ECF DKT #5), but not set forth in their Complaint, may not be considered by the Court in its analysis. Whatever interest MERS holds in Plaintiffs' property arises from the clear language of the mortgage contract. It follows, then, that any relief available to Plaintiffs would be afforded under contract law, not equity.

### III. CONCLUSION

Plaintiffs' Complaint is composed of only a few facts, and mere conclusory legal phrases, such as "adverse interest" and "cloud on the title." The Court finds that Plaintiffs' Complaint fails to state a plausible claim for relief. Therefore, the Motion (ECF DKT #4) of Defendant, Mortgage Electronic Registration Systems, Inc., to Dismiss is granted and Plaintiffs' Complaint is dismissed.

**IT IS SO ORDERED.**

**DATE: August 3, 2011**        <u>S/Christopher A. Boyko</u>
                                **CHRISTOPHER A. BOYKO**
                                **United States District Judge**